IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                           Case No. 3:07CR193

             Plaintiff

v.                                                  ORDER

Scot F. Ulmer,

             Defendant

       This is a criminal case in which the defendant seeks to have conditions of probation modified. Following his conviction on a plea of guilty for obstruction of justice, the defendant's Guideline sentencing range was 12 - 18 months. Exercising the discretion available to me as a result of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 200 (2005), I deviated from the Guideline range, and imposed a five year term of probation, conditioned on serving ten months in a Community Corrections Center.

       The defendant seeks removal of that condition. According to him, restrictions imposed by the Center impair his ability to engage in his occupation as a real estate salesman.

       While I have no doubt that that is so, I decline to remove or reduce the period of the half-way house condition. The defendant engaged in a series of repeated and deliberate deceptive acts over a considerable period of time. He got caught. He got a break at sentencing: but for *Booker* and my

willingness to be lenient, he would now be in a federal penal institution, perhaps far from home, and from which, in any event, operating any business would be neither permissible nor possible.

The defendant should give greater heed to the fact that having problems engaging in his occupation is better than not being able to do so at all. Crime, and conviction of crime, carry consequences. Those consequences fall heavier on those imprisoned than those in a half-way house; and they fall heavier on those in a half-way house than on persons who are free to do as they please.

But that's the point, if not the entire point. Punishment is meant to be punitive. That's perhaps not the only way that punishment acts as a deterrent. But that's the way it has to be if punishment is going to have a deterrent impact. The more drastic the consequences for the defendant, the greater the deterrent effect and value of his sentence, especially on those tempted to similar "white collar" crimes.

It is, therefore,

ORDERED THAT the defendant's request to modify the conditions of his probation be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge